## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| ANNIE WOODALL, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO.: |
| | *  3:06-cv-00050-MEF |
| AMERICAN INTERNATIONAL GROUP, INC; | * |
| AMERICAN GENERAL CORPORATION; | * |
| AMERICAN GENERAL FINANCE, INC.; | * |
| AMERICAN GENERAL FINANCIAL SERVICES | * |
| OF ALABAMA, INC.; AMERICAN GENERAL | * |
| FINANCE CORPORATION; | * |
| MERIT LIFE INSURANCE COMPANY; | * |
| YOSEMITE INSURANCE COMPANY; | * |
| LINDA GRIGGS; KATHIE ROWELL; | * |
| TINA COOK; BRIAN MILLER; KEN HAMILL; | * |
| and Fictitious Defendants "A", | * |
| "B", and "C", whether singular or plural, those | * |
| other persons, corporations, firms, or other | * |
| entities whose wrongful conduct caused | * |
| the injuries and damages to the Plaintiff, | * |
| all of whose true and correct names are | * |
| unknown to Plaintiff at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
|    Defendants. | * |

### PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN GENERAL CORPORATION'S MOTION TO DISMISS

COMES NOW the Plaintiff, pursuant to the Court's January 26, 2006, Order, and files this Response to Defendant American General Corporation's ("AGC") Motion to Dismiss. Plaintiff contemporaneously filed a Motion to Stay any action to Defendant American General Corporation's Motion to Dismiss pending the outcome of Plaintiff's Motion to Remand on the grounds that if Plaintiff's Motion to Remand is granted, this Court would not ever have had subject matter jurisdiction over the matters currently before

it and all of the rulings by this Court would be null and void. Pursuant to the Court's Order, Plaintiff submits the following in Response to Defendant American General Corporation's Motion to Dismiss:

## **STATEMENT OF FACTS**

Plaintiff is an Alabama resident who entered into several loans with Defendant AGC's subsidiaries, where, by fraudulent misrepresentation, was coaxed into purchasing unnecessary credit insurance during a loan transaction. As detailed from Defendant American International Group's (AIG) website with their "2,500 employees and customer service centers across the country," provides services for its customers throughout the United States.[1] Also detailed from the website, through a link marked "Important Legal Information about AIG American General", AIG states "AIG American General is the marketing name for the insurance companies and affiliates of American International Group, Inc. ("AIG") that comprise its domestic life insurance operations."[2]

Defendant AGC conducts financial service operations through American General Finance, Inc. ("AGF") and its subsidiaries. AIG is the sole shareholder, alter ego and parent company of AGC. AGC wholly owns AGF, which, is the sole shareholder and alter ego of American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc. AGFC is the immediate parent company for named defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). How can Defendants represent to this court they have no ties to the state of Alabama when they have over 1,400 locations across the country, including

---

[1] *AIG American General at* http://www.aigag.com/life/life.nsf/contents/aboutus_whyaigag (last visited Sept. 16, 2005) and *American General Financial Services at* http://www.agfinance.com/aboutUs/ (last visited Sept. 16, 2005)
[2] *AIG American General* http://www.aigag.com/life/life.nsf/contents/aigag_footnote (last visited Sept. 16, 2005)

numerous locations in the state of Alabama. Plaintiff respectfully submits, that to represent such information to the Court is merely an effort to deceive.

In light of these facts, Defendant AGC cannot seriously maintain its activities and control of subsidiaries does not subject it to personal jurisdiction in the State of Alabama for the matters alleged in the Complaint.

### **ARGUMENT**

Defendant AGC contends it lacks minimum contacts with the state of Alabama to be haled into court here. Defendant also contends it has no minimum contacts with the State of Alabama and this is much less than the requisite minimum contacts required to confer personal jurisdiction, that it has never maintained a corporate presence in Alabama, and does not conduct or transact business in Alabama. Plaintiff respectfully submits this is exactly what AGC does through the actions of its admitted wholly owned subsidiaries.

Propriety of assertion of personal jurisdiction is analyzed through a two-step inquiry: first, the court determines whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute, and second, the court examines whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Horizon Aggressive Growth v. Rothstein-Kass*, WL 2008995 (11th Cir. Aug. 23, 2005). Whether a party has sufficient contacts with a state [Alabama], such that maintenance of action in the state against that party does not offend concepts of reasonableness and fair play is determined

according to the facts of a party's particular case. *Martin v. Robbins*, 628 So. 2d 614, 617 (Ala. 1993). The State of Alabama's long arm statute is Alabama Civil Procedure Rule 4.2 (b):

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

*Rule 4.2 (b) Ala.R.Civ.P*. The catchall provision of Alabama's long-arm rule extends the jurisdiction of the state's courts to the permissible limits of due process. *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C.*, 866 So.2d 519 (Ala. 2003).

The Alabama long arm statute neither broadens nor expands the United States Constitution or the 14th Amendment of Due Process, therefore only one analysis is necessary in determining if minimum contacts are present in order to hale an out of state defendant into the state of Alabama. Where a forum seeks to assert personal jurisdiction over a nonresident defendant, due process requires the defendant have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Defendant had fair warning that the particular activity of being the parent company of subsidiaries that do business in the state of Alabama is sufficient to give notice one may be subject to being sued in that

4

venue. A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident. *Sieber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001). What *is* required, however, is that the defendant have such contacts with Alabama that it "should reasonably anticipate being haled into court [here].' " *Dillon Equities v. Palmer & Cay, Inc.,* 501 So.2d 459, 462 (Ala.1986) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). As stated above, AGC's contacts with Alabama are sufficient notice that it may be sued in Alabama.

In this case, it is admittedly so that AGC is the parent company and conducts its financial services through AGF and its subsidiaries. AGC contends it has no minimum contacts with the state of Alabama, but with the financial services of the corporation being done by American General Financial Services of Alabama, Inc, AGC does have contacts with the state of Alabama sufficient to allow it to have fair warning this particular activity of fraud and misrepresentation would make it subject to being sued in this venue. AGC repeatedly contends it has no physical address, mailing address, bank account or telephone listing in the state of Alabama, but physical presence in the state is not a prerequisite to being sued in this venue. AGC should reasonably anticipate being haled into court in Alabama because of the business it conducts here, through the actions of its subsidiaries. Defendant freely accepts profits from Alabama residents but in turn attempts to avoid jurisdiction of Alabama Courts.

The Defendant states "except in extremely unusual circumstances that are not present here, personal jurisdiction *cannot* be established over a parent company on the basis of the acts of its subsidiary" and cites to *Environmental Waste Control v. Browning-Ferris Insus.*, 711 So.2d 912, 914 (Ala. 1997). This case states that a separate legal

5

existence will **not** be recognized when the corporation is so organized and controlled and its business is conducted in such manner as to make it merely an instrumentality of another, or when it is the alter ego of a person owning and controlling it. *Id.* (citing *Forest Hill Corp. v. Latter & Blum*, 249 Ala. 23, 28, 29 So. 2d 298, 302 (Ala. 1947)). Defendant AIG's own Form 10-K states their financial service operations are conducted primarily through AGF, a company with locations, agents, employees and customers in the State of Alabama. The relationship between a corporate defendant and the forum must be such that it is reasonable to require a corporation to defend a particular suit where it is brought. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident; what is required, however, is that the defendant have such contacts with Alabama that it should reasonably anticipate being haled into court here. *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C.*, 866 So.2d 519 (Ala. 2003). The relationship in existence between AGC and the State of Alabama is a reasonable relationship considering the admission by AGC in its corporate structure and how it knowingly has business being conducted in the State of Alabama, and this gives rise to the anticipation of being haled into court in Alabama.

Depending on the quality and quantity of the contacts, personal jurisdiction over a nonresident may be either general or specific. "General jurisdiction" applies where a nonresident defendant's activities in the forum state are substantial or continuous and systematic, regardless of whether those activities gave rise to the lawsuit. A court has "specific jurisdiction" when a nonresident defendant has had few contacts with the forum

state, but those contacts gave rise to the lawsuit. *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C.*, 866 So.2d 519 (Ala. 2003).

General jurisdiction is achieved by the continuous activities of AGC's subsidiaries in making loans and the systematic standard form contract business that is conducted. AGC continually profits from its subsidiaries activities in Alabama. When specific personal jurisdiction is the basis for adjudication of claims against an out-of-state defendant, due process requires a clear, firm nexus between the acts of the defendant and the consequences complained of in order to establish the necessary contacts. *Id*. A firm nexus that has been established is the act of AGC knowingly participating in the financial services of its company, being rendered in the state of Alabama, by a subsidiary, in the making of loans. These loans issued are the basis of the complaint, in that the customer had fraudulent statements and misrepresentations made to them in the course of business causing a loss in money and unwanted insurance policies. The effects test for specific personal jurisdiction presupposes a foreseeable injury to an identified, or identifiable, plaintiff. *Id*. Specific personal jurisdiction requires few contacts with the forum state, so long as those contacts gave rise to the lawsuit. The Plaintiff contends the contacts with the forum state are the subsidiaries of AGC and the subsidiaries actions. There is no other way than to construe these contacts as the ones that give rise to the lawsuit considering all fraudulent activity occurred in the office of a direct subsidiary of AGC located in the State of Alabama.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted, this the 9th day of February, 2006.

                                            /s/ C. Lance Gould_____
                                            C. LANCE GOULD (GOU007)
                                            Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ C. Lance Gould
OF COUNSEL


**Attorney for Defendants American International Group, Inc. and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.; American General Financial Services of Alabama, Inc..; Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100
Email: delliott@burr.com