IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANNIE WOODALL, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO.: |
| | *  3:06-cv-00050-MEF |
| AMERICAN INTERNATIONAL GROUP, INC; | * |
| AMERICAN GENERAL CORPORATION; | * |
| AMERICAN GENERAL FINANCE, INC.; | * |
| AMERICAN GENERAL FINANCIAL SERVICES | * |
| OF ALABAMA, INC.; AMERICAN GENERAL | * |
| FINANCE CORPORATION; | * |
| MERIT LIFE INSURANCE COMPANY; | * |
| YOSEMITE INSURANCE COMPANY; | * |
| LINDA GRIGGS; KATHIE ROWELL; | * |
| TINA COOK; BRIAN MILLER; KEN HAMILL; | * |
| and Fictitious Defendants "A", | * |
| "B", and "C", whether singular or plural, those | * |
| other persons, corporations, firms, or other | * |
| entities whose wrongful conduct caused | * |
| the injuries and damages to the Plaintiff, | * |
| all of whose true and correct names are | * |
| unknown to Plaintiff at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
|     Defendants. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN
INTERNATIONAL GROUP'S MOTION TO DISMISS**

COMES NOW the Plaintiff, pursuant to the Court's January 26, 2006, Order, and files this Response to Defendant American International Group's ("AIG") Motion to Dismiss. Plaintiff contemporaneously filed a Motion to Stay any action to Defendant American International Group's Motion to Dismiss pending the outcome of Plaintiff's Motion to Remand on the grounds that if Plaintiff's Motion to Remand is granted, this Court would not ever have had subject matter jurisdiction over the matters currently before

it and all of the rulings by this Court would be null and void. Pursuant to the Court's Order, Plaintiff submits the following in Response to American International Group's Motion to Dismiss:

## STATEMENT OF FACTS

Plaintiff is an Alabama resident who entered into several loans with AIG's subsidiaries, where, by fraudulent misrepresentation, was coaxed into purchasing unnecessary credit insurance in connection with her loans. AIG conducts financial service operations through American General Finance, Inc. ("AGF") and its subsidiaries. AIG is the sole shareholder, alter ego and parent company of American General Corporation ("AGC"). AGC wholly owns AGF, which, is the sole shareholder and alter ego of American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc. AGFC is the immediate parent company for named defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite").

## STANDARD OF REVIEW

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. All facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached hereto." *McFarland v. Folsom*, 854 F. Supp. 862, 869 (M.D. Ala. 1994)(internal citations omitted). Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. "Accordingly, the court may dismiss a complaint pursuant to *Fed. R. Civ. P.* 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations

2

will support the cause of action." *Id.* (quoting *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). Though the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low,…. to survive a motion to dismiss, a plaintiff must do more than merely 'label' his claims," *Wald v. United States*, 2002 U.S. Dist. LEXIS 3970, at *4 to *5 (S.D. Fla. 2002)(citations omitted).

## ARGUMENT

Defendant AIG requested that this Court dismiss Plaintiff's Complaint against it pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim upon which relief can be granted. In their Motion to Dismiss, Defendant AIG quotes *Whatley v. Merit Distribution Servs. Et al.*, 2001 U.S. Dist. LEXIS 2744, *8 (S.D. Ala. 2001), which states, "Under Alabama law, a parent corporation is a distinct entity from its subsidiary and is not liable for the acts of its subsidiary unless it is a mere adjunct, instrumentality, or alter ego of the parent corporation." However, a separate legal existence will **not** be recognized when the corporation is so organized and controlled and its business is conducted in such manner as to make it merely an instrumentality of another, or when it is the alter ego of a person owning and controlling it. *Environmental Waste Control v. Browning-Ferris Insus.*, 711 So.2d 912, 914 (Ala. 1997) (citing *Forest Hill Corp. v. Latter & Blum*, 249 Ala. 23, 28, 29 So. 2d 298, 302 (Ala. 1947)). Additionally, "whether the separate legal entity of a corporation may be 'pierced' and personal liability imposed is '*a question of fact* treated as an evidentiary matter to be determined on a case by case basis.'" *Id.* (citing *Messick v. Moring*, 514 So.2d 892, 893 (Ala. 1987); *accord Deupree v. Ruffino*,

3

505 So.2d 1218 (Ala. 1987)). No discovery has been conducted at this stage, however, it is apparent that the subsidiaries of AIG are merely an instrumentality of AIG.

The Supreme Court of Alabama "has said that a parent corporation which owns all the stock of a subsidiary corporation is not liable for the acts of its subsidiary corporation, unless the parent corporation so controls the operation of the subsidiary corporation as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation." *Environmental Waste Control*, 711 So.2d at 914 (citing *Baker v. Hospital Corporation of America*, 432 So2d 1281 (Ala. 1983)). The court went on to add, "In considering the indicia of control, courts have quoted at length §§ 5 and 6 of Powell on *Parent and Subsidiary Corporations*: ... The circumstances [render] the subsidiary instrumentality. It is manifestly impossible to catalogue the infinite variations of fact that can arise but there are certain common circumstances which are important and which, if present in the proper combination, are controlling. These are as follows:

> (a) The parent corporation owns all or most of the capital stock of the subsidiary.
> (b) The parent and subsidiary corporations have common directors or officers.
> (c) The parent corporation finances the subsidiary.
> (d) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.
> (e) The subsidiary has grossly inadequate capital.
> (f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.
> (g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.
> (h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or divisions of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

4

>    (i) The parent corporation uses the property of the subsidiary as its own.
>    (j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation.
>    (k) The formal legal requirements of the subsidiary are not observed."

*Id.* at 914-15. (citing *Taylor v. Standard Gas & Electric Co.*, 96 F.2d 693, 704-05 (10th Cir. 1938); see, also, *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173 (5th Cir. 1981); *Garrett v. Southern Ry.*, 173 F.Supp. 915 (E.D. Tenn. 1959)). *Duff v. Southern Ry.*, 496 So.2d 760, 762-63 (Ala. 1986)(emphasis supplied).

Based on the factors set forth in *Duff*, it is apparent that Plaintiff will be able to prove AIG is the alter ego of its subsidiaries. AIG is the sole shareholder, alter ego and parent company of AGC, who wholly owns AGF, which, is the sole shareholder and alter ego of American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc. Furthermore, as stated on the American General Financial Services' website, "American General Financial Services, a member of American International Group, Inc., provides loans, retail financing, and other credit related products to more than two million American families."[1] As stated in Plaintiff's Complaint, AIG is the "alter-ego" of one or more Defendants. Complaint ¶ 5. AIG, as the sole shareholder and dominant party, displayed the requisite misuse and harm of its subsidiaries by freely accepting profits from the Defendants whose employees made the misrepresentations at issue in this case. AIG is basically ratifying the conduct of the Defendants' employees by accepting the profits and benefiting from them. AIG represents itself on websites as being involved in the providing of loans, retail financing, and other credit related products.

---

[1] *American General Financial Services at* http://www.agfinance.com/ (last visited February 8, 2006)

In light of these facts, Defendant AIG cannot maintain that Plaintiff has not stated a claim for which relief can be granted as Plaintiff contends that AIG is liable as the alter ego of its subsidiaries.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted, this the 9th day of February, 2006.

/s/ C. Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

# CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ C. Lance Gould
OF COUNSEL


**Attorney for Defendants American International Group, Inc.
and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.;
American General Financial Services of Alabama, Inc..;
Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100
Email: delliott@burr.com