**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **ANNIE WOODALL,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *  **CIVIL ACTION NO.:** |
| | *  **3:06-cv-00050-MEF** |
| | * |
| **AMERICAN INTERNATIONAL GROUP, INC;** | * |
| **et al.,** | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

COMES NOW, Plaintiff, and submits this Supplemental Memorandum of Law in Support of her Motion to Remand. Defendants' submissions to this Court fail to carry its heavy burden that Plaintiff cannot state a viable claim against the resident Defendants Linda Griggs, Kathie Rowell, Tina Cook, Brian Miller and Ken Hamill. Plaintiff respectfully requests this Honorable Court grant its Motion to Remand and enter an order remanding this matter back to the Circuit Court of Macon County, Alabama.

### INTRODUCTION

Plaintiff instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., American General Finance Corporation, Merit Life Insurance Company, Yosemite Insurance Company, Linda Griggs, Kathie Rowell, Tina Cook, Brian Miller and Ken Hamill ("collectively resident Defendants"), when the Complaint was filed on December 13, 2005, in the Circuit Court

of Macon County, Alabama. Plaintiff could not have originally filed this action in federal court, because Plaintiff and Defendants Linda Griggs, Kathie Rowell, Tina Cook, Brian Miller, and Ken Hamill are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

In their Notice of Removal, filed on January 18, 2006, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiff and Defendants Linda Griggs, Kathie Rowell, Tina Cook, Brian Miller, and Ken Hamill are Alabama residents. Defendants assert that Plaintiff fraudulently added the Alabama resident Defendants in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. Additionally, Defendants assert this Court has federal question jurisdiction. On February 9, 2006, Plaintiff filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction. Plaintiff opposes this removal, and by way of her Motion to Remand and Supplement to her Motion to Remand, respectfully submits that the removal was improper and this case is due to be remanded to the Circuit Court of Macon County, Alabama.

In the present case, the resident Defendants misrepresented and concealed material facts relating to the Plaintiff's purchase of insurance in connection with the loan, including but not limited to, misrepresenting that if "she purchased the credit insurance her credit score/rating would be better" and that "she stood a better chance of getting approved for the loan she requested." The Alabama resident Defendants exceeded the normal debtor/creditor relationship when they gave Plaintiff financial advice and

wrongfully advised Plaintiff that refinancing her previous loan would save her money and that it was in her best interest. The case at issue is one such that Plaintiff detrimentally and reasonably relied on the material representations and omissions of the Alabama resident Defendants. Furthermore, those fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for the safety and rights of Plaintiff.

In summary, casting all of the aforementioned facts in a light most favorable to Plaintiff, it cannot be said that Plaintiff has not stated a cause of action for fraudulent misrepresentation and fraudulent concealment, and failure to procure the proper coverage against the non-diverse Defendants or that as a matter of law, Plaintiff's claims would be barred in a state court action.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by either the Constitution or by the United States Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092 (1994). The burden of establishing federal jurisdiction is on the party seeking removal, and because removal raises significant federalism concerns, it must be strictly construed with all doubts resolved in favor of remand. Shamrock Oil & Gas. Corp. v. Sheets, 313 U.S. 100 (1941); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed. 2d 506 (1997); Burns v. Windsor Ins. Co., 31 F.3d at 1095 (Boyer v. Snap-on Tools Corp., 913 F.2d 108(3rd Cir. 1990)); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983); see also Stone v. Williams, 792 F.Supp. 749 (M.D. Ala. 1992). "A conclusionary allegation in the notice

of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

The standard of the Eleventh Circuit in reviewing a motion to remand states that subject matter jurisdiction is judged by the face of Plaintiff's Complaint at the time of the filing of the removal petition. In re Carter, 618 F.2d 1093, 1101 (11th Cir. 1983). Where an action is removed to federal court, the removing defendant has the burden of establishing the existence of federal jurisdiction." See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). First, as a statutory requirement, the Defendants must make in their Notice "an affirmative showing… of all the requisite factors of diversity jurisdiction, including the amount in controversy, **at the time removal is attempted**." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253 (5th Cir. 1961). Next, a defendant has a very high burden in establishing fraudulent joinder – it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith...". Everett v. MTD Prods., Inc., 947 F. Supp. 441, 445 (N.D. Ala. 1996). The burden is a heavy one because if a **possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident Defendants, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440 (citing Parks, 308 F.2d at 477-78).

## **ARGUMENT**

### A.    **Fraudulent Joinder**

First, there is absolutely nothing unique in Defendants' opposition that is specific to the non-diverse Defendants.  It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just the non-diverse Defendants. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate.  This is always true when the defenses being cited are really applicable to all defendants. Therefore, the "common defense" rule applies in this case.

Defendants argue that the Eleventh Circuit has not expressly applied the "common defense" rule in its fraudulent joinder analysis.  However, that fact is not particularly relevant since the United States Supreme Court has adopted this doctrine and its logical underpinnings.  In Chesapeake & Ohio Railway Company v. Cockrell, 232 U.S. 146 (1914), a case in which the United States Supreme Court addressed the "common defense" rule, the Court held that:

> "As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all defendants.  Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them.  As they admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company.  We conclude, therefore, that the petition for removal was not such as to require the state court to surrender its jurisdiction."

Id. at 280.  As was the case in Chesapeake, the basis of this case revolves around the acts and/or omissions of the resident Defendants.  As illustrated below, Judge Myron H.

Thompson of the United States District Court for the Middle District of Alabama recently delivered a sound analysis of the "common defense" rule and its applicability to the case at hand.

Judge Myron H. Thompson recently remanded three identical actions based on the "common defense" rule. See <u>Tony and Dorothy Turner v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006)(Attached as Exhibit "A"), <u>Bernice Poole-Reese v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "B") and <u>James Poole v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "C").[1]    Judge Thompson noted that the Eleventh Circuit has not reached this issue, but other circuits have applied a "common defense rule" to fraudulent joinder claims such as when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found.    Judge Thompson remanded the actions holding that, "the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule."   To date, Defendants still have not made the requisite showing.

Contained in his well-grounded analysis in all three of the above-referenced opinions, Judge Thompson aptly noted that the Plaintiff's "sole claim against the corporate defendants is for negligent and wanton hiring, training and supervision, which requires the finding of underlying tortuous conduct by an employee before the employer

---

[1] Defendants' have filed motions to alter or vacate the remand orders in <u>Tony and Dorothy Turner v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006), <u>Bernice Poole-Reese v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006), and <u>James Poole v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006).

can be held liable." Poole-Reese at 7; Poole at 11; Turner at 7. (See Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824 (Ala. 1999)(citing Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993); Nash v. Segars, 682 So.2d 1364 (Ala. Civ. App. 1996)). Judge Thompson concluded that, "Accordingly, **the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants.**" Id. Therefore, Judge Thompson's analysis of the "common defense" rule and its applicability to this case logically makes sense, and it necessarily follows that the joinder is not "fraudulent." Plaintiff respectfully asks this Court to consider the rulings of Judge Thompson as persuasive authority and grant Plaintiff's Motion to Remand.

Conversely, Defendants attempt to argue that Plaintiff's negligent and wanton hiring, training and supervision claim is only actionable against the out of state Defendants. However, their analysis is a clear misapplication of the "common defense" rule. Importantly and more distinguishing, Judge Thompson correctly noted that there must first be a finding of underlying tortuous conduct by an employee before the employer can be held liable on a claim for negligent and wanton hiring, training and supervision; therefore, that claim is actionable as to both non-diverse and diverse defendants alike.

Defendant's example of negligent hiring and training being a unique claim is further eroded, because, in Alabama, the statute of limitations for negligence and fraud are the exact same – two years. Therefore, assuming *arguendo*, that Defendants were correct in asserting that Plaintiff's statute of limitations has in fact run on his fraud claim,

then the statute of limitations has also run on the negligence claim.[2]  On this point, it is also important to note, that the issue at hand is called the common "defense" rule.  Not the common "claims" rule.  Since the statute of limitations defense is common to each defendant and each claim, there is no appropriate distinction as Defendants' suggest.

In <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004), the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one or just a few Defendants.  More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT.  Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept.  The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper.  Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.  In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper.  In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in <u>Chesapeake & O.R. Co. v. Cockrell</u>, "the plaintiff's case [is] ill founded as to all the defendants."  In reaching this conclusion, we are applying our traditional improper joinder analysis.

<u>Id</u>. (internal citations omitted).  The instant action presents the same issue.

Defendants attempt to limit the application of <u>Smallwood</u> by arguing argue that the "common defense" rule has only a narrow scope.  However, there is no objective

---

[2] This is especially true in Alabama where there is no tolling of a negligence claim unlike the states in the 5th Circuit, which do allow a tolling of negligence claims.

standard or guidelines offered by Defendants as to what this means. Furthermore, since this issue is before the Court on a removal petition, the applicable law clearly provides that any ambiguities are construed against removal and in favor of remand. <u>Pacheo de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998).

Regardless of what Defendant's "narrow scope" argument may suggest, there is no doubt that the "common defense" rule has been applied in several other fraud cases, especially in this jurisdiction, as noted above. The Defendants appear to cite <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382 (5th Cir. 2005) and <u>Rainwater v. Lamar Life Insurance Company</u>, 391 F.3d 636 (5th Cir. 2004), for the proposition that the "common defense" rule should be applied narrowly. But, in <u>Rainwater</u>, **a case involving fraudulent misrepresentation**, the court reiterated that if "the limitations defense in question is dispositive of *all* claims against *all* defendants, then <u>Smallwood</u> would require remand to state court." <u>Id.</u> at 638. Since in this case "the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants," the joinder is not fraudulent.

In <u>Boone</u>, the appellants (plaintiffs) for some reason, "conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well." <u>Id.</u> at 392. However, that is clearly not the case in this action. Contrary to what happened in <u>Boone</u>, the Plaintiff in this case readily admit that if the claims against the non-diverse Defendants are due to be dismissed and/or are deemed not actionable based on Defendants' statute of limitations argument and reasonable reliance arguments, then all claims against all Defendants are also due to be dismissed.

Therefore, since a claim of fraudulent joinder is improper, Plaintiff's Motion to Remand is due to be granted.

Finally, Plaintiff's misrepresentation claims are subject to a two-year statute of limitations. ALA. CODE § 6-2-38(l) (1975). The statute of limitations is subject to a "savings clause" provided by § 6-2-3:

> In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action. ALA. CODE § 6-2-3 (1975).

Section 6-2-3 supplies a subjective test, tolling the statute of limitations on a fraud claim until the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud. *See* Ex parte Seabol, 782 So. 2d 212, 216 (Ala. 2000). "The question of when a party discovered or should have discovered the fraud is generally one for the jury." Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d 307, 308 (Ala. 1997).

The Supreme Court of Alabama in Foremost Insurance Co. v. Parham, 693 So. 2d 409, 421 (Ala. 1997), reaffirmed that the "reasonable reliance" standard is the test for determining when an aggrieved person should have discovered the facts constituting the fraud. Under the reasonable reliance standard,

> the trial court can enter a judgment as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms. Foremost, 693 So. 2d at 421.

The Supreme Court of Alabama, applying the "reasonable reliance" standard, recognized that a jury question exists "in a fraud case where the plaintiff's ignorance of the contents

of a document is reasonable under the circumstances." Potter v. First Real Estate Co., Inc., 844 So. 2d. 540, 549 (Ala. 2002). See also, Ex parte Seabol (the Alabama Supreme Court distinguished Foremost, where the complexities of a transaction requiring the correlation of multiple documents made it appropriate for the jury to determine whether plaintiff was fully capable of understanding the documents).

The Foremost Court explained that reasonable reliance was a practical standard because it would "allow the fact-finder greater flexibility in determining the issue of reliance based on all of the circumstances surrounding the transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties." Foremost, 693 So.2d at 421. Under the circumstances in this case, there is no evidence presented by Defendants that Plaintiff's would subjectively know that the statements made to them were fraudulent by reviewing the loan documents. Specifically, there is no evidence that Defendants' representation that "purchasing the credit insurance would improve her credit score" and that "she would stand a better chance of getting approved for the loan" and that "refinancing her existing loan would save her money" is contradicted by any document. In fact, the documents do not contradict these representations at all. Additionally, under Alabama law, Plaintiff believes she can show through the discovery phase of the case, that she was lulled into a false feeling of security by the repeated and continuous misrepresentations and the overwhelming skill and bargaining powers of Defendant. However, Plaintiff is not required to develop this portion of the case at the remand stage. She is entitled to a reasonable discovery period before having the ultimate issues of her case determined.

In support of Plaintiff's position, we note that the United States District Court for the Western District of Kentucky also remanded an identical action, based on the same arguments. <u>Howard and Janette Harpool v. Kentucky Finance Company, et al.</u>, Civil Action No. 1:03CV-179-R (W.D.Ky. Feb. 10, 2004))(Attached as Exhibit "D"). In his Order, the Honorable Thomas B. Russell held:

> Defendants argue that all of the alleged misrepresentations were covered by the loan documents. (Dkt. #12). While the loan documents may have explicitly stated that credit insurance is not **required** to get a loan, <u>telling the Plaintiffs that purchasing insurance would increase the likelihood of their getting a loan seems to be a different matter and not covered by the loan documents</u>.

<u>Id.</u> at pp. 4-5. Judge Russell also granted the plaintiffs' motion to remand in spite of evidence presented by the defendants in that matter purportedly demonstrating that the loan documents contradicted the alleged misrepresentations.

In another identical matter recently decided, this Court granted a plaintiff's Motion to Remand. <u>Joe T. Smith v. American International Group, Inc., et al.</u>, Civil Action No. 2:05-cv-1065-MEF (M.D.Ala. February 9, 2006)(Attached as Exhibit "E"). Also, in two other identical matters, <u>Mary Cope v. American International Group, Inc., et al.</u>, Civil Action No. 3:05-cv-751-WHA (M.D.Ala. February 9, 2006)(Attached as Exhibit "F"), and <u>Stephanie Mayberry v. American International Group, Inc., et al.</u>, Civil Action No. 3:05-cv-773-WHA (M.D.Ala. February 9, 2006)(Attached as Exhibit "G"), the Honorable Judge W. Harold Albritton of the United States District Court for the Middle District of Alabama granted Plaintiffs' Motion to Remand. Plaintiff respectfully asks this Court to consider the rulings of Judge Russell and Judge Albritton as persuasive authority and for this Court to enter a similar Order remanding this case to the Circuit Court of Macon County, Alabama.

Identical allegations that were made in the above-referenced decisions are made by Plaintiff in this action. Each of those courts determined that Defendants' loan documents do not inform borrowers that "the purchase of credit insurance will not improve the borrower's chance of obtaining loan approval, or also that purchasing the credit insurance would not improve his credit score." Moreover, as demonstrated previously in Plaintiff's Motion to Remand, Plaintiff's allegations in this matter consist of more than complaints surrounding the purchase of credit insurance. Accordingly, this action should be remanded.

### B.    Amount in Controversy

Defendants have stated the unsupported proposition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Such a conclusory assertion that the jurisdictional amount is satisfied without supporting facts is insufficient to meet Defendants' burden. See Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In cases removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, if the complaint does not specify the amount of damages sought, the Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit. Bolling v. Union National Life Insurance Co., 900 F. Supp 400, 403 (M.D. Ala. 1995). The only evidence presented by Defendants is simply that other "fraud" cases in Alabama have received punitive and/or compensatory damage awards in excess of $75,000.00. However, those cases are not shown to be factually similar to the instant action. In fact, Defendants do not make an attempt to draw parallels between the facts in the instant case and the facts that were the basis for any particular verdict.

More importantly, none of the cases cited by Defendants take into account the United States Supreme Court's landmark opinion of <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L.Ed.2d 585 (2003). Defendants only assert that since Plaintiff requests punitive damages, this fact alone is sufficient to reach the jurisdictional threshold of the Court. However, on this important point, Defendants cannot offer any authority to suggest that a request for punitive damages, standing alone, is sufficient to create federal jurisdiction.

Under <u>State Farm</u> and similar Supreme Court authority, Plaintiff does not believe that Defendants can make the requisite showing that any punitive award offered in this case would be in excess of $75,000 - and still be constitutionally permissible. Obviously, any relevant discussion of punitive damage awards must be filtered through the due process protections guaranteed in <u>State Farm</u>, and its antecedents.

In <u>State Farm</u>, the United States Supreme Court set out rigid guidelines, including explicit ratios to be used when awarding punitive damages. Specifically, the High Court said that ratios "demonstrate what should be obvious: single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." <u>Id</u>. at 425. Similarly, when an award of punitive damages has been rendered, it will only be upheld if it is reasonable. <u>BMW of North America v. Gore</u>, 517 U.S. 559, 574-75 , 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). An award will only be considered reasonable if it is based upon,

> (1) the degree or reprehensibility of the defendant's misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 440 (2001) (citing BMW of North America v. Gore, 517 U.S. 559, 574-75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)).

In the instant action, Plaintiff has suffered out-of-pocket damages approaching $70.00. Based upon this dollar amount, even if Plaintiff did receive a punitive award, the constitutional due process protections would probably not allow an award to exceed $630.00 ($70.00 x a multiplier of 9). The aggregate award in this instance, including punitive and out-of-pocket damages, would be $ 700.00. This figure is a far cry from the amount required for diversity jurisdiction. Because Defendants have not met their burden in providing sufficient evidence on this threshold issue, this case should be remanded back to the Circuit Court of Macon County, Alabama, from which it was removed.

In furthermore support of this position, Plaintiff notes the holding in Bennett v. American Medical Security, No. 02-D-120-N (M.D.Ala. Feb. 8, 2002)(DeMent, J.)(attached as Exhibit "H"). In that case, defendants removed a case to federal court on the basis of diversity jurisdiction. The defendants asserted that the only non-diverse defendant had been fraudulently joined and because there was a claim for punitive damages the amount in controversy exceeded $75,000.00. The only evidence that defendants submitted in those actions was an assertion in their Notice of Removal that jury awards in cases on the same type of suit as the case sub judice routinely exceed $75,000.00. Judge DeMent held that the defendants failed to meet their burden of proving that the amount in controversy exceeded $75,000.00 and remanded the case to state court. This result has also occurred in other cases involving similar bald assertions regarding the amount in controversy. See Ronnie Register, et al. v. RUS of Auburn, et

al., Civil Action Number 01-T-858-E in the United States District Court for Middle District of Alabama (March 26, 2002)(Thompson, J.)(holding that $2,000 actual damage claim could not satisfy amount in controversy even if punitive damages were awarded)(attached as Exhibit "I"); Antonio Fabritis v. United Wisconsin Life Insurance Company, et al., Civil Action Number 02-T-820-N in the United States District Court for Middle District of Alabama (Nov. 1, 2002); Vivian Gadson v. United Wisconsin Life Insurance Company, et al., No. 02-T-793-N (M.D.Ala. Aug. 26, 2002). In the case at hand, Defendants have similarly failed to meet their burden, therefore, this case is due to be remanded.

### C.    Federal Question Jurisdiction

Defendants contend that this Court has federal question jurisdiction. Defendants cite the United States Supreme Court case of Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing, 125 S.Ct. 2363 (2005), which is a case that was removed to Federal District Court on the grounds that it presented a federal question because the title claim depended on an interpretation of federal tax law. In Grable, a former landowner brought an action to quiet title in state court against a tax sale purchaser alleging that the Internal Revenue Service had given him inadequate notice of sale. The Court held that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal." Id. at 2366-2371. As one can see, Grable is not a TILA case, nor is it even a consumer case. TILA is not implicated by any state law claims. Importantly, TILA is only a "disclosure" statute that says individuals

16

should get certain documents. It in no way touches or concerns oral (mis)representations that are not contradicted by the required documents.

The face of the plaintiff's complaint clearly reveals that there is no issue of federal law and no federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). In Franchise Tax Board, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." 463 U.S. at 13.

There are, however, exceptions to the well-pleaded complaint rule. One exception to the well-pleaded complaint rule is the doctrine of complete or super preemption. Id. at 393, 107 S.Ct. 2425. Defendants' Notice of Removal does not rely on this exception. Although Plaintiff does not address whether complete preemption would apply in this case, Plaintiff notes, that district courts have overwhelmingly rejected Defendants' specific arguments and concluded that TILA does not preempt state law. [3]

Another exception to the well-pleaded complaint rule, and the exception upon which Defendants rely, is that a plaintiff cannot avoid federal jurisdiction by "omitting to

---

[3] Walker v. Commercial Credit Corp., 192 B.R. 260, 265-266 (M.D.Ala.1996) (Albritton, J.)(Moreover, state law claims are not displaced by the TILA, and the TILA's jurisdictional and civil enforcement provisions are not as extensive as those of the LMRA or ERISA. Thus, the TILA does not completely preempt state law claims within its scope, and there is no authority for removing state law claims to federal court on the basis of the TILA.); Jackson v. Bank One, 952F.Supp. 734, (M.D.Ala.1996) (DeMent, J.); Anderson v. Household Finance Corp. of Alabama, 900 F.Supp. 386, 388-389 (M.D.Ala.1995) (DeMent, J.); McCrae v. Commercial Credit Corp., 892 F.Supp. 1385, 1386-1387 (M.D.Ala.1995) (DeMent, J.) Greer v. Majr Financial Corporation, 105 F.Supp.2d 583, 590, (S.D. Miss. 2000); Easterling v. Gulf Guaranty Ins. Co., 60 F.Supp.2d 586 (S.D. Miss. 1999); Allen v. City Finance, 224 B.R. 347 (S.D. Miss. 1998).

plead necessary federal questions in a complaint." <u>Franchise Tax Board v. Laborers</u> <u>Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted). In <u>Franchise Tax Board</u>, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." <u>Id.</u> at 13, 103 S.Ct. 2841. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Id.</u>

In order for a state-law claim to raise substantial questions of federal law, "[federal] law must be an essential element of the plaintiff's claim[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." <u>Mobil Oil Corp. v. Coastal Petroleum Co.</u>, 671 F.2d 419, 422 (11th Cir. 1982). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." <u>Mobil Oil</u>, 671 F.2d at 422.

The fact that a court might apply federal law to a plaintiff's claims or look to federal law to determine whether the plaintiff is entitled to relief will not even confer federal subject matter jurisdiction – unless the implicated federal issue is substantial. <u>Franchise Tax Bd.</u>, 463 U.S. at 13, 103 S.Ct. at 2848. For example, it is now well established that federal jurisdiction is not created by the mere fact that proof of violation

of a federal statute is an element of a plaintiff's state-law cause of action. See Merrell Dow, 478 U.S. at 814, 106 S.Ct. at 3235 (holding that a federal question was not raised by the mere fact that proof of violation of the federal Food, Drug and Cosmetic Act was a necessary element of the plaintiff's state-law tort claim); Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir.1998) (concluding that removal jurisdiction was improperly exercised because proof of violation of the Americans with Disabilities Act, although a necessary element of the plaintiff's state-law discrimination claim, was an insufficiently substantial federal question); see also City of Huntsville v. City of Madison, 24 F.3d 169, 174 (11th Cir.1994).

Here, Plaintiff's claims do not require proof of a violation or an interpretation of federal law. Plaintiff's claims are simply garden-variety fraud claims and may not be recast and rewritten by Defendants to state a claim under TILA or Regulation Z. As the master of her complaint, Plaintiff has chosen to rely exclusively on state law claims. **Plaintiff has explicitly repudiated any claim she may have under federal law.** (See Complaint ¶ 16). Plaintiff's complaint alleged that Defendants misrepresented and/or suppressed material facts relating to the loans at issue. This is a state law claim for fraudulent misrepresentation and suppression. Simply, because Defendants were required by TILA or other regulations to disclose certain facts does not mean that the Plaintiff has stated a claim under TILA. More importantly, there is nothing to even suggest that a court would have to even reference the statutory scheme passed by Congress in TILA to resolve Plaintiff's claims.

Several Alabama federal district courts have held that simply because plaintiffs' fraud claims may "involve application of the Truth-In-Lending Act" does not mean that

the complaint presents a federal question sufficient to support removal jurisdiction. In each instance the case was remanded to state court. In <u>McCrae v. Commerical Credit Corp.</u>, 892 F. Supp. 1385 (M.D. Ala. 1995), the plaintiffs alleged that the defendants had misrepresented and failed to disclose the cost of refinancing certain loans and that credit insurance was included on the loans. The defendants removed the case to federal court contending that the plaintiffs' claim for relief necessarily involved application of TILA. In remanding the case to state court, the district court found that the defendants failed to establish that the plaintiff's complaint on its face had pled a federal question.

Judge DeMent addressed the same issue in <u>Anderson v. Household Finance Corp. of Alabama</u>, 900 F.Supp. 386, 388-389 (M.D.Ala.1995). In <u>Anderson</u>, the defendant contended that the plaintiff's claim for relief involved the application of TILA, and its implementing Regulation Z. In essence, the defendant contended that while the plaintiff had not pleaded a violation of TILA, TILA controlled in the action. Specifically, the defendant stated the cause of action had been composed in terms of the TILA. The plaintiff even stated in the amended complaint that the defendant's actions violated "federal and state laws." However, the plaintiff asserted that he was seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

In holding that the plaintiff's right to relief did not depend on the resolution of a substantial question of federal law, the court stated:

> The court does not believe that the plaintiffs' right to relief necessarily depends on a resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. The court finds that the mere mention of the words "federal laws" does not confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims. The causes of action are supported by alternative theories of state law, and the TILA is not essential to any of

> those theories. The alternative theories of state law include fraud, misrepresentation, suppression of material facts, and fraud in continuing to receive payments. These are state law claims the determination of which must be left to the state court system.

Id. at 389. In the present case, it is without question that Plaintiff, on the face of her complaint, disclaims any and all federal remedies.

In Walker v. Commercial Credit Corp., 192 Bankr. 260 (M.D. Ala. 1996), the plaintiffs alleged that the defendants fraudulently failed to disclose that plaintiffs were paying excessive and unnecessary fees and charges on refinanced loans. Defendants removed the case on several theories, one of which was the plaintiffs' claims presented a federal question because the claim required application of TILA. The district court remanded the case. The court noted that plaintiff's complaint did not mention TILA in any manner and only alleged state law fraud claims.

Plaintiff's complaint alleges only state law causes of action that do not require resolution of substantial federal questions. As the master of her complaint, Plaintiff has chosen to rely exclusively on state law claims. For that reason alone, this case should be remanded to state court.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully urges this Honorable Court to remand this action to the Circuit Court of Macon County, Alabama.

_/s/ Charles Lance Gould_____
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

21

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

　　　　　　　　　　　　 /s/ Charles Lance Gould
　　　　　　　　　　　　OF COUNSEL

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
Burr & Forman LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:　　205-251-3000
Fax:　　205-458-5100