IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANNIE WOODALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN INTERNATIONAL GROUP, INC.; )<br>ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>3:06-cv-00050-MEF |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO CONDUCT REMAND-RELATED DISCOVERY

**COME NOW** Defendants American General Financial Services of Alabama, Inc., in and of itself and as successor to American General Finance, Inc., an Alabama corporation, Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this reply to Plaintiff's opposition to Defendants' motion for leave to conduct remand-related discovery. In support thereof, Defendants state as follows:

### I. INTRODUCTION

On or about February 20, 2006, Defendants filed a Motion for Leave to Conduct Remand-Related Discovery ("Motion") in the present action. Therein, Defendants demonstrated that Plaintiff's counsel has manipulated the allegations in this and numerous other like matters to avoid a finding of fraudulent joinder and that, in doing so, they have created serious doubt as to whether the non-diverse Defendants actually made the specific misrepresentations alleged. As

1447810

such, Defendants respectfully requested that the Court grant them the opportunity to depose Plaintiff so that they might hear from the horse's mouth, so to speak, the representations made with respect to her loans. Defendants further demonstrated that remand-related discovery is necessary to determine whether Plaintiff received notice of her fraud claims from sources other than her loan documents and whether the non-diverse Defendants' alleged misrepresentations were actually false. On or about February 28, 2006, Plaintiff filed an Opposition to Defendants' Motion ("Opposition"). Therein, Plaintiff argued that Defendants' Motion should be denied because it is a "fishing expedition" that will, due to the large number of additional cases Plaintiff's counsel anticipates filing, unnecessarily burden this Court.

Plaintiff's contentions in this regard are completely unfounded. Defendants seek remand-related discovery only for the following limited reasons: to determine whether the non-diverse Defendants actually made the specific misrepresentations alleged; to determine whether Plaintiff received notice of her fraud claims from sources other than her loan documents; and to determine whether the non-diverse Defendant's representations were actually false as to this specific Plaintiff. These findings are absolutely crucial to determining the propriety of removal in the present action and in no way evidence a "fishing expedition" on the part of Defendants. In fact, this discovery would not be necessary but for Plaintiff's manipulation of the allegations and intentionally vague pleading. Thus, Plaintiff's conduct, not that of the Defendants, has facilitated the need for remand-related discovery in the present action.

Plaintiff also contends that granting Defendants' request for remand-related discovery will establish a burdensome precedent in light of the many similar matters that Plaintiff's counsel anticipates filing. This disingenuous argument, however, is not grounds for denying Defendants' Motion. Under such a theory, Plaintiff's counsel could always avoid federal jurisdiction by

filing numerous frivolous lawsuits with manipulated and vague allegations -- an obviously unacceptable scenario.

For these reasons and others demonstrated in detail below, Defendants' Motion is due to be granted.

## II. ARGUMENT

Contrary to what Plaintiff would have the Court believe, Defendants' removal of the present action does not evidence a practice of "remove now" and "ask questions later." In fact, Defendants made quite clear in their Notice of Removal the bases for diversity jurisdiction, demonstrating that Linda Griggs, Kathie Rowell, Tina Cook, Brian Miller, and Ken Hamill (the "Non-Diverse Defendants") have been fraudulently joined because Plaintiff's claims against them are both time-barred on their face by the applicable statute of limitations and substantively meritless. Defendants also established that the amount in controversy requirement is satisfied by citing an abundance of Alabama decisions involving similar claims where the plaintiffs were awarded damages in excess of $75,000.[1] Thus, Defendants seek discovery merely to confirm what they have already shown to be true -- that this Court has diversity jurisdiction over the present action.

---

[1] Because Plaintiff seeks an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Federal courts in Alabama adjudicating similar claims have repeatedly acknowledged that the citation of analogous cases suffices to show that the amount in controversy more likely than not exceeds the jurisdictional requirement. See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003)(After careful review of the cases cited by the defendant, the Court concluded that said defendant had sufficiently demonstrated that the amount in controversy requirement had been met.); Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243 (N.D. Ala. 2003); (same); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (M.D. Ala. 2001) (same).

1447810

A.  **Defendants Need to Conduct Remand-Related Discovery in Order to Confirm the Propriety of Removal in the Present Action.**

Federal district courts are empowered to order remand-related discovery if they see fit to do so, a maxim adopted by Judge Steele in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003), a decision relied heavily upon by Plaintiff in her Opposition.[2] This Court expressed similar sentiments in partially granting Defendants' motion for leave to conduct remand-related discovery in the virtually identical matter of George Mason v. American International Group, Inc., et al., Civil Action No. 3:05-cv-752-F (M.D. Ala. February 9, 2006), stating that it "has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand." (See Exhibit "C," attached to Defendants' Motion).[3] As demonstrated in Defendants' Motion and briefly below, such discovery is needed herein to

---

[2] See also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Steele v. Underwriters Adjusting Co., 649 F.Supp. 1414 (M.D. Ala. 1986).

[3] The Honorable Judge Kristi K. DuBose of the United States District Court for the Southern District of Alabama also recently granted Defendants' Motion to Conduct Remand-Related Discovery in Ken Nicholson v. American General Financial Services, Inc., et al., Civil Action No. 05-0625-CG-D, another similar matter involving Defendant. (See Exhibit "D," attached to Defendants' Motion).

In addition, courts in Tennessee have recently granted Defendants' remand-related discovery motions in the following identical cases filed by Plaintiff's counsel containing the exact same allegations as those asserted herein: Gloria Garret v. American International Group, Inc., et al., Civil Action No. 05-2639-Ma/P; Elmo Thomas v. American International Group, Inc., et al., Civil Action No. 05-2651-Ma/P; and Roosevelt Walton v. American International Group, Inc., et al., Civil Action No. 05-2652-D/P; Irby v. American International Group, Inc., et al., Civil Action No. 05-2634; Robertson v. American International Group, Inc., et al., Civil Action No. 05-2635; Mason v. American International Group, Inc., et al., Civil Action No. 05-2636; Sims v. American International Group, Inc., et al., Civil Action No. 05-2637; Trezevant v. American International Group, Inc., et al., Civil Action No. 05-2650; Upshaw v. American International Group, Inc., et al., Civil Action No. 05-2653; Marshall v. American International Group, Inc., et al., Civil Action No. 05-2655; Armstrong v. American International Group, Inc., et al., Civil Action No. 05-2700; and Oliver v. American International Group, Inc., et al., Civil Action No. 05-2701. (See Exhibits "E" and "F," attached to Defendants' Motion).

confirm that the Non-Diverse Defendants have been fraudulently joined and that, accordingly, this Court has diversity jurisdiction over the present action.

### 1. Defendants Need to Depose Plaintiff to Determine Whether the Misrepresentations Alleged in her Complaint Were Actually Made.

As demonstrated throughout Defendants' Motion, Plaintiff's counsel has manipulated the allegations in the present action to ensure that the misrepresentations alleged are not directly contradicted by the disclosures in Plaintiff's loan documents. In doing so, Plaintiff's counsel has created serious doubt as to whether the Non-Diverse Defendants actually made the newly asserted misrepresentations. As such, Defendants respectfully request leave to depose Plaintiff in order to definitively determine whether the Non-Diverse Defendants actually made the misrepresentations alleged, a determination that will conclusively establish the meritless nature of Plaintiff's claims against said Defendants and the propriety of removal in the present action.

### 2. Remand-Related Discovery is Needed to Determine Whether Plaintiff Received Notice of her Fraud Claims From Sources Other Than Her Loan Documents.

It is no secret that the fate of Defendants' fraudulent joinder argument depends in large part upon whether Plaintiff received notice of the Non-Diverse Defendants' alleged misrepresentations. While Defendants maintain that Plaintiff's loan documents provide the requisite notice of the alleged misrepresentations, they also contend that Plaintiff may have already possessed knowledge at the time of her loans alerting her to the falsity of these alleged misrepresentations. Accordingly, Defendants respectfully request leave to conduct limited remand-related discovery regarding whether Plaintiff received notice of her fraud claims from sources other than her loan document, sources that can only be ascertained through the exercise of such discovery.

### 3. Remand-Related Discovery is Needed To Determine Whether the Non-Diverse Defendants' Alleged Representations Were False.

Plaintiff's claims against the Non-Diverse Defendants are predicated upon the assumption that said Defendants made false representations regarding her loans. Specifically, Plaintiff contends that the Non-Diverse Defendants misrepresented that refinancing prior loans would be the best way for her to save money and that purchasing credit insurance was a "good deal." (Plaintiff's Complaint, ¶¶ 18, 19). Discovery in other similar matters, however, has revealed that consolidating debt and refinancing past loans often provides plaintiffs lower monthly payments at a lower interest rate. Likewise, such discovery has also shown that plaintiffs frequently have no idea whether they could have received insurance coverage under more favorable terms that those they received in connection with their loans. Thus, it is possible that Plaintiff did in fact save money by refinancing prior loans and that purchasing credit insurance was a "good deal" in comparison with the coverage/terms she might have received elsewhere. Remand-related discovery is needed, however, to conclusively establish as much.

### B. Recent Orders Denying Remand-Related Discovery in Similar Matters Are Distinguishable From the Present Action.

In her Opposition, Plaintiff cites several recent orders denying remand-related discovery as evidence that such discovery should be denied in the present action. The matters cited by Plaintiff, however, are clearly distinguishable from the present action in that the information sought and the rationales provided differ greatly between the two. Specifically, in previous matters, Defendants generally sought clarification of the plaintiff's allegations and information related to whether the Non-Diverse Defendants were involved in the loans at issue and whether

the plaintiff received copies of the loan documents.[4] In the present action, however, Defendants primarily seek leave to depose Plaintiff after having methodically outlined the manipulation of her allegations and the suspicions that have arisen therefrom. Moreover, as demonstrated above, Defendants also seek remand-related discovery to determine whether Plaintiff received notice of her fraud claims from sources other than her loan documents and whether the Non-Diverse Defendants' alleged representations are actually false. As such, it is clear that the discovery orders cited by Plaintiff in her Opposition have absolutely no bearing on the present action and the discovery sought therein.

    C.    **Judge Steele's Decision in _Rayborn_ is Distinguishable from the Present Action.**

In her opposition, Plaintiff also relies heavily upon Judge Steele's denial of remand-related discovery in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003). Plaintiff's reliance thereon is misguided, however, as that decision is also distinguishable from the present action.

First and foremost, the defendants in Rayborn sought remand-related discovery regarding only the amount in controversy. As such, the Court's order and the opinions expressed therein have little to no bearing on the issues before this Court, which deal almost exclusively with fraudulent joinder. Additionally, Judge Steele noted that the defendants in Rayborn had presented no reasonable basis for meeting its burden of proof and was attempting to "place the cart before the horse." As demonstrated above, however, Defendants have, at the very least, set forth the bases for diversity jurisdiction by demonstrating that the jurisdictional requirement is satisfied, and by showing that the Non-Diverse Defendants are fraudulently joined because

---

[4] In those matters where Defendants were unable to locate copies of the loan documents at issue, their motion for leave to conduct remand-related discovery also sought verification that the plaintiff obtained a loan on the dates alleged.

Plaintiff's claims against them are time-barred on their face by the applicable statute of limitations. As such, Defendants' Motion is not an attempt to "ferret out" evidence of federal jurisdiction after the fact. Rather, Defendants are merely seeking to confirm with additional discovery what they have already shown to be true.

Finally, Judge Steele's decision to deny remand-related discovery in <u>Rayborn</u> was made simple by the plaintiff's motion to remand, which included an itemized list of the improper fees and charges comprising the plaintiff's damages. The Court found this itemized list of fees and charges to be "quite instructive to [defendant] in weighing its contention that the jurisdictional threshold is satisfied," and in the absence of evidence to the contrary, saw no need for additional discovery. In contrast, Plaintiff has provided no such evidence that the Non-Diverse Defendants were properly joined and/or made the misrepresentations alleged in the present action, and additional discovery is needed to confirm that said Defendants have, in fact, been fraudulently joined.

Based on the foregoing, Judge Steele's decision in <u>Rayborn</u> is clearly distinguishable from the present action and should have no bearing on this Court's analysis of Defendants' Motion.

D. **The Fifth Circuit's Decision in *Smallwood* is Not Applicable in the Present Action.**

In her Opposition, Plaintiff claims that Defendants' basis for fraudulent joinder is "really an attack on the merits of the entire case" and, as such, fails under the Fifth Circuit's *en banc* decision in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004). In <u>Smallwood</u>, the Fifth Circuit adopted a "common defense" exception—that is, an exception whereby a finding of improper joinder may not be based on a defense that is common to all defendants and necessarily dispositive of all claims against all defendants. <u>Id.</u> at 574-75. Accordingly, where

defendants seek to prove improper joinder by demonstrating the plaintiff's inability to recover against the in-state defendants:

> [a] showing that the plaintiff's case is barred as to all defendants is not sufficient. When the **only** proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, **and that showing is equally dispositive of all defendants** rather than to the in-state defendants alone, the requisite showing has not been made.

Id. at 575 (emphasis added).

Significantly, however, the Eleventh Circuit has not applied the "common defense" exception in its fraudulent joinder analysis, and, as previously demonstrated, requires only that there be no possibility of recovery against the resident defendant for a finding of fraudulent joinder. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2005) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Coker v. Amoco Oil, Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). As such, the "common defense" exception does not apply to the present action, and this Court should not consider said exception in its fraudulent joinder analysis.

Even if applied by the Eleventh Circuit, the "common defense" exception affects only a narrow range of cases. As the Fifth Circuit explained in Smallwood:

> [O]ur holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests **only** on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant **and that showing is equally dispositive of all defendants**.

Id. at 576 (emphasis added).[5]   The narrow scope of the "common defense" exception was underscored by the Fifth Circuit's subsequent decision in Rainwater v. Lamar Life Ins. Co., 391

---

[5] In Smallwood, the district court found improper joinder on the ground that the claims against the in-state defendant were preempted by federal law. See id. at 572. Having reached that conclusion, the court then applied "law of the case" and granted summary judgment for the out-

F.3d 636 (5th Cir. 2004). In a per curiam opinion, the Rainwater panel remanded the case before it to the district court for further analysis of whether the statute of limitations defense that barred claims against the in-state defendant was likewise "dispositive of **all** claims against **all** defendants." Id. at 638. (emphasis in original). According to the Rainwater court, the case before it "turn[ed] ... on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of **all** claims against **all** defendants, as the principle of Smallwood is triggered only when all defendants are reached." Id. (emphasis added).

Smallwood's "common defense" exception was further limited by the Fifth Circuit's recent decision in Boone v. CitiGroup, Inc., 416 F.3d 382 (5th Cir. 2005), a consumer finance suit with allegations virtually identical to those in the present action. In Boone, consumer borrowers brought suit against a non-resident lender and its corporate affiliates, as well as individual residents of Mississippi for a variety of fraud claims. Id. at 385-86. The defendants removed the action to federal court on the ground that the non-diverse individual defendants had been fraudulently joined. Id. at 388. "In particular, CitiGroup argued that, in light of remand-related discovery, there was no reason to believe that any of [plaintiffs'] claims against the non-diverse [defendants] were timely under Mississippi's three-year statute of limitations." Id. at 388-89. "The district court agreed and denied remand primarily on the ground of limitations." Id. at 389. The plaintiffs appealed the district court's decision and argued that under Smallwood, there was no fraudulent joinder because the statute of limitations, if it precluded their claims against the non-diverse defendants, necessarily precluded their claims against all defendants. Id.

---

of-state defendant on the ground that all the remaining claims were preempted as well. Id. Thus, in Smallwood, the only basis for improper joinder was a legal defense —preemption—that as a matter of law also precluded all the claims against the other defendants. In the majority's view, because the resolution of the claims against the in-state defendant "**necessarily compel[led]** the same result for the nonresident defendant," then the defendant had shown merely "a lawsuit lacking in merit," rather than improper joinder. Id. at 574 (emphasis added).

In denying the plaintiffs' appeal, the Fifth Circuit reiterated the narrow reach of Smallwood and the "common defense" exception, as well as their inapplicability to remand motions in consumer finance cases such as the present action:

> [T]he crux of Smallwood II's holding is that "only" where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the **same** showing "equally" and "necessarily" "compels" the conclusion that recovery is precluded against "all" non-resident defendants, then there is no improper joinder, but simply a wholly meritless suit. That is not the situation here.
>
> Although it is true that the district court denied remand and granted summary judgment on the basis of the same residual statute of limitations, it is not true that the statute of limitations defense assertion by the resident defendants "equally" and "necessarily" "compel[led]" dismissal of **all** claims against all the diverse defendants.
>
> \* \* \*
>
> Appellants underscored at oral argument that their claims against the diverse corporate defendants were not simply premised on vicarious liability for the tortious acts of the three non-diverse individual appellees working for First Family. However, in properly conceding that at least some of their claims against the non-resident defendants are analytically distinct from and in addition to their respondeat superior claims against those defendants based on the wrongs allegedly committed by the resident defendants, appellants have conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well.

Id. at 390-92 (emphasis in original).

After Boone, it is clear that a defense precluding recovery against individual resident defendants does not "equally" and "necessarily" preclude recovery against corporate non-resident defendants where at least some of the claims against the corporate non-resident defendants are analytically distinct from and in addition to the claims against the individual resident defendants. Id. With that said, at least one of Plaintiff's claims against the non-resident

corporate Defendants in the present action -- the claim for negligent and/or wanton hiring, training, and supervising -- is analytically distinct from and in addition to the claims against the individual resident defendants as such claims can *only* be asserted against the corporate non-resident Defendants. See Bridges v. Principal Life Ins. Co., 141 F.Supp.2d 1337, 1340 n. 3 (M.D. Ala. 2001)(noting that claims of negligent supervision must necessarily be brought against the insurer and not against the insurer's agent). Thus, even after a finding of fraudulent joinder in the present action, **at least** one claim would necessarily remain for separate disposition against the corporate non-resident Defendants. This case therefore falls outside the exception in Smallwood, where the finding of improper joinder was followed immediately by the automatic disposition of all remaining claims based on the same legal ruling.[6]

Additionally, the applicable statutes of limitation in the present action apply to each defendant severally, rather than jointly. See Weinstein v. Sea View, Inc., 188 F.2d 116, 119 n.6 (5th Cir. 1951). Accordingly, a court's resolution of claims against one defendant based on the statute of limitations does not necessarily compel the same result with regard to claims against another defendant as required by Smallwood. Rather, a separate inquiry must be undertaken with regard to each defendant. For this additional reason, Smallwood's narrow common defense exception does not apply to the present action.

---

[6] E.g., Queen v. American General Finance, Inc., 351 F.Supp.2d 576, 578-80 (S.D. Miss. 2005)("After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. ...The requirement of a separate analysis of the contractual claims places this case outside the scope of Smallwood. Accordingly, the Court finds that the Rainwater opinion provides the most persuasive analysis. As a result, the plaintiffs' renewed motion for reconsideration is not well-taken"); accord Wingate v. Kerr-McGee Rocky Mountain Corp., no. 1:04cv513, 2005 WL 161221 at *4 (E.D. Tex. Jan. 26, 2005)(quoting Rainwater, 391 F.3d at 638 (emphasis in original))("Smallwood, however, applies only when *"all* claims against *all* defendants" are barred by a common defense").

### E.  Remand-Related Discovery Will Not Unduly Burden the Court.

Equally without merit is Plaintiff's contention that this Court should be "leery" of granting remand-related discovery because of the experience of federal courts in Mississippi. As demonstrated in Defendants' Notice of Removal and Motion, federal courts in Mississippi have not only routinely permitted remand-related discovery, they have also denied the plaintiffs' motions to remand and are now in the process of either granting summary judgment for the defendants, or dismissing with prejudice the plaintiffs' claims for failure to prosecute.[7] Thus, for Plaintiff to imply that federal courts in Mississippi somehow regret their decision to permit remand-related discovery is flatly incorrect. Rather, they are in the process of cleaning these baseless lawsuits out of the courts.

Similarly without merit is Plaintiff's argument that this Court will be overburdened by permitting remand-related discovery because Plaintiff's counsel intends to file a large number of these cases. In that event, Plaintiff's counsel would be burdening the Courts with frivolous lawsuits, not Defendants, who have the right to invoke federal jurisdiction whenever appropriate regardless of the number of meritless lawsuits Plaintiff's counsel threatens to file.

### III. CONCLUSION

Notwithstanding Plaintiff's claims to the contrary, Defendants' request for leave to conduct remand-related discovery is neither a "fishing expedition" nor a "delay tactic." Rather, such discovery is necessary to substantiate Defendants' previously established removal arguments and their suspicions regarding the Non-Diverse Defendants' alleged

---

[7] Just recently, in a matter brought by Plaintiff's counsel in Mississippi, the Honorable W. Allen Pepper dismissed with prejudice for failure to prosecute the plaintiffs' claims in *Tommie Faye Jones, et al. v. American International Group, Inc., et al.*, In the United States District Court for the Northern District of Mississippi, Greenville Division, Civil Action Number: 4:02cv98-P-B. Attached hereto as Exhibit "A" is a copy of Judge Pepper's decision.

misrepresentations. Moreover, the necessary discovery should, in no way, complicate or unduly prolong the proceedings. As such, this Court should grant Defendants' Motion for Leave to Conduct Remand-Related Discovery.

        Respectfully submitted,

        /s/ Matthew T. Mitchell
        Robert H. Rutherford (RUT002)
        David A. Elliott (ELL027)
        Matthew T. Mitchell (MIT050)

        Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, Matthew T. Michell, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

                                      /s/ Matthew T. Mitchell
                                      OF COUNSEL